**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| HANDI-CRAFT COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:22-cv-704 |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| GRACO CHILDREN'S PRODUCTS, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Handi-Craft Company alleges as follows for its Complaint for Patent Infringement against Defendant Graco Children's Products, Inc.:

### Nature of the Action

1. This is an action for infringement of U.S. Patent No. 10,028,890 under 35 U.S.C. § 271 *et seq*. brought by Handi-Craft Company against Graco Children's Products, Inc.

### Parties

2. Plaintiff Handi-Craft Company ("Plaintiff" or "Handi-Craft") is a Missouri Corporation with a principal place of business at 4433 Fyler Ave, St. Louis, MO 63116.

3. Defendant Graco Children's Products Inc. ("Defendant" or "Graco Children's Products") is a Wisconsin Corporation with a presence at 728 Booster Blvd, Reedsburg, WI 53959. On information and belief, Defendant does business as NUK USA, LLC.

### Jurisdiction and Venue

4. The Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States.

5. The Court has personal jurisdiction over Defendant in this action because Defendant conducts business in Wisconsin and has committed acts of patent infringement in Wisconsin, including the manufacture, use, sale, and/or offer for sale of infringing products.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other things, Defendant is registered to do business in Wisconsin; committed acts of infringement in Wisconsin; and has a physical, regular and established place of business in this District.

**Patent-in-Suit**

7. On July 24, 2018, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,028,890, entitled *Dual Configuration Bottle Assembly* ("the '890 patent" or "the Asserted Patent"). A copy of the '890 patent is attached as Exhibit A.

8. Handi-Craft is the owner of all right, title, and interest in the '890 patent and has the right to sue for infringement thereof.

9. The '890 patent is valid and enforceable.

10. Handi-Craft has complied with the marking requirements of 35 U.S.C. § 287 by marking the packaging of articles that practice the '890 patent with an Internet address associating the patented article with the number of the '890 patent.[1]

**Infringement of the Asserted Patent**

11. Graco has infringed the '890 patent by making, using, importing, selling, and/or offering for sale in the United States at least the "NUK Smooth Flow Pro" anti-colic baby bottle ("the Accused Product").

---

[1] *See* https://www.drbrownsbaby.com/patent-information/ (last visited November 29, 2022; redirects from https://www.drbrownsbaby.com/patents).

12. Graco Children's Products has had knowledge of the '890 patent at least since receiving an October 13, 2022 letter from Handi-Craft notifying Graco Children's Products of its infringement of the '890 patent.

13. Graco Children's Products' infringing acts will continue unless restrained by this Court.

## Count I – Infringement of the '890 Patent

14. Handi-Craft realleges and incorporates by reference all other paragraphs of this Complaint.

15. Graco Children's Products infringed and continues to infringe literally or under the doctrine of equivalents at least claim 10 of the '890 patent by making, using, importing, selling, and/or offering to sell anti-colic baby bottles in the United States, including at least the NUK Smooth Flow Pro bottle.

16. Graco Children's Products' infringement has occurred with full knowledge of the '890 patent since receiving the October 13, 2022 letter, and has been willful and deliberate since at least that time.

17. Graco Children's Products' infringement has caused harm to Handi-Craft, which is not fully compensable by monetary damages, and Graco Children's Products' future sales of the Accused Product will result in additional such damage.

## Example Asserted Claim

*Infringement of Claim 10*

18. Each of the allegations set forth throughout this Complaint are incorporated herein by reference.

19. Claim 10 of the '890 patent is directed to a bottle assembly comprising a container having an open end, a closed end, a base portion, and a neck. The neck has a rim defining the open end of the container.

20. The Accused Product satisfies this limitation because it includes a bottle assembly. The bottle assembly has a container with an open end, a closed end, a base portion and a neck. The neck has a rim defining the open end of the container. This is shown, for example, in the following images of the Accused Product:



21. Claim 10 of the '890 patent further requires a vent assembly positionable on the rim of the container to enable venting of the container during use.

22. The Accused Product satisfies this limitation because it includes a venting system. The venting system includes a vent assembly that is inserted into the container, positionable on the rim of the container to enable venting of the container during use. This is shown, for example, on the Accused Product's website[2] and in the following images of the Accused Product:

---

[2] *See* https://www.nuk-usa.com/bottles/smooth-flow-pro-anti-colic-baby-bottle-/SAP_2157774.html (last visited November 29, 2022).



23. Claim 10 of the '890 patent further requires a collar assembly generally defining a closure for the container. The collar assembly is configured for releasable engagement with the neck of the container over the open end.

24. The Accused Product satisfies this limitation because it includes a collar assembly. The collar assembly includes a bottle nipple and a collar. Further, the collar assembly is releasably engageable with the neck of the container. This is shown, for example, in the following images of the Accused Product:



25. Claim 10 of the '890 patent further requires that the collar assembly and the container are configured to enable selective configuration of the bottle assembly between a first configuration and a second configuration.

5

26. The Accused Product satisfies this limitation because it includes two configurations: a first configuration and a second configuration. The first configuration has the vent assembly inserted into the container. The second configuration is without the vent assembly. This is shown, for example, in the following images of the Accused Product:


First configuration


Second configuration

27. Claim 10 of the '890 patent further requires that in the first configuration, the collar assembly is configured to sealingly engage the vent assembly and urge the vent assembly into sealing engagement with the rim of the container.

28. The Accused Product satisfies this limitation because in the first configuration, the vent assembly is inserted into the container. The collar assembly is sealingly engaged with the vent assembly. The collar assembly urges the vent assembly to sealingly engage with the rim of the container. This is shown, for example, in the following image of the Accused Product:



29. Claim 10 of the '890 patent further requires in the second configuration, in which the vent assembly is omitted from the bottle assembly, the collar assembly is configured to sealingly engage the rim of the container, at least one of the collar assembly and the container being configured for venting the container to atmosphere in the second configuration with the vent assembly omitted from the container.

30. The Accused Product satisfies this limitation because in the second configuration, the vent assembly is not inserted into the container and the collar assembly is sealingly engaged with the rim of the container. The collar assembly is configured to vent the container to the atmosphere through a space between the collar assembly and the neck of the container and a channel extending through the portion of the collar assembly abutting the rim. This is shown, for example, in the following images of the Accused Product:



**Prayer for Relief**

Handi-Craft respectfully requests the Court to grant the following relief:

A. A permanent injunction restraining and enjoining Defendant, its officers, agents, and employees, and those in active concert or participation with Defendant, from any further infringement of the Asserted Patent for the full term thereof, including any extension, pursuant to 35 U.S.C. § 283;

B. A judgment that Defendant has infringed the Asserted Patent;

C. A judgment that Defendant's infringement of the Asserted Patent has been willful;

D. A judgment that Handi-Craft be awarded all appropriate monetary damages under 35 U.S.C. § 284 for Defendant's past infringement and any continuing future infringement of the

Asserted Patent, up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements under 35 U.S.C. § 284;

E. A judgment awarding Handi-Craft supplementary monetary damages for any infringing acts after judgment and before entry of permanent injunction;

F. A judgment finding this case exceptional and awarding Handi-Craft its attorneys' fees under 35 U.S.C. §285; and

G. A judgment awarding Handi-Craft such other and further relief as the Court finds just and proper.

### **Demand for Jury Trial**

Handi-Craft respectfully demands a jury trial on all claims and issues so triable.

Dated: December 12, 2022

Respectfully submitted,

 /s/ Jessica Hutson Polakowski

REINHART BOERNER VAN DEUREN
Jessica H. Polakowski
22 East Mifflin Street, Suite 700
Madison, Wisconsin 53703
(608) 229-2219 (telephone)
(608) 229-2100 (facsimile)
jpolakowski@reinhartlaw.com

ARMSTRONG TEASDALE LLP
Marc. W. Vander Tuig (pro hac vice forthcoming)
Charlie M. Jonas (pro hac vice forthcoming)
7700 Forsyth Blvd, Suite 1800
St. Louis, Missouri 63105
(314) 621-5070 (telephone)
(314) 621-5065 (facsimile)
mvandertuig@atllp.com
cjonas@atllp.com

*Attorneys for Plaintiff Handi-Craft Company*