**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| HANDI-CRAFT COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>GRACO CHILDREN'S PRODUCTS, INCORPORATED,<br><br>*Defendant.* | Case No. 3:22-cv-00704-jdp |

**DEFENDANT GRACO CHILDREN'S PRODUCTS, INCORPORATED'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Graco Children's Products, Inc. ("Graco"), by and through its undersigned counsel, hereby responds to the Complaint (Dkt. 1) of Plaintiff Handi-Craft Company ("Plaintiff" or "Handi-Craft") as follows:

## NATURE OF THE ACTION[1]

1. This is an action for infringement of U.S. Patent No. 10,028,890 under 35 U.S.C. § 271 et seq. brought by Handi-Craft Company against Graco Children's Products, Inc.

**ANSWER:** Graco denies that any infringement has occurred but otherwise admits the allegations in this paragraph.

## PARTIES

2. Plaintiff Handi-Craft Company ("Plaintiff" or "Handi-Craft") is a Missouri Corporation with a principal place of business at 4433 Fyler Ave, St. Louis, MO 63116.

**ANSWER:** Graco is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

[1] Graco reproduces the headings in Plaintiff's Complaint (Dkt. 1). To the extent the headings contain any allegations to which a response is required, Graco denies such allegations.

3. Defendant Graco Children's Products Inc. ("Defendant" or "Graco Children's Products") is a Wisconsin Corporation with a presence at 728 Booster Blvd, Reedsburg, WI 53959. On information and belief, Defendant does business as NUK USA, LLC.

**ANSWER:** Graco denies that it is a Wisconsin corporation. Graco admits that it has a manufacturing facility at 728 Booster Blvd, Reedsburg, WI 53959. Graco further admits that NUK USA, LLC has been merged into Graco.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States.

**ANSWER:** Admitted.

5. The Court has personal jurisdiction over Defendant in this action because Defendant conducts business in Wisconsin and has committed acts of patent infringement in Wisconsin, including the manufacture, use, sale, and/or offer for sale of infringing products.

**ANSWER:** Graco admits that it is subject to the personal jurisdiction of this Court for purposes of this action. Graco denies that it has committed any acts of patent infringement of U.S. Patent No. 10,028,890 and denies that it has manufactured, used, sold, and/or offered for sale any product that infringes any claim of U.S. Patent No. 10,028,890.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other things, Defendant is registered to do business in Wisconsin; committed acts of infringement in Wisconsin; and has a physical, regular and established place of business in this District.

**ANSWER:** Graco admits that venue is proper in this District. Graco further admits that it is registered to do business in Wisconsin and that it has a physical, regular and established place of business in this District. Graco denies that it has committed acts of infringement of U.S. Patent No. 10,028,890 in Wisconsin or in any other District.

## PATENT-IN-SUIT

7. On July 24, 2018, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,028,890, entitled Dual Configuration Bottle Assembly ("the '890 patent" or "the Asserted Patent"). A copy of the '890 patent is attached as Exhibit A.

**ANSWER:** Graco denies that U.S. Patent No. 10,028,890 was "duly" or properly issued. Graco otherwise admits the allegations in this paragraph.

8. Handi-Craft is the owner of all right, title, and interest in the '890 patent and has the right to sue for infringement thereof.

**ANSWER:** Graco is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

9. The '890 patent is valid and enforceable.

**ANSWER:** Denied.

10. Handi-Craft has complied with the marking requirements of 35 U.S.C. § 287 by marking the packaging of articles that practice the '890 patent with an Internet address associating the patented article with the number of the '890 patent.

**ANSWER:** Graco is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

## INFRINGEMENT OF THE ASSERTD PATENT

11. Graco has infringed the '890 patent by making, using, importing, selling, and/or offering for sale in the United States at least the "NUK Smooth Flow Pro" anti-colic baby bottle ("the Accused Product").

**ANSWER:** Denied.

12. Graco Children's Products has had knowledge of the '890 patent at least since receiving an October 13, 2022 letter from Handi-Craft notifying Graco Children's Products of its infringement of the '890 patent.

**ANSWER:** Graco admits that it received a letter from Handi-Craft Company dated October 13, 2022, alleging infringement of U.S. Patent No. 10,028,890 by Graco. Graco denies that this letter satisfies the patent notification requirements as set forth in Wis. Stat. § 100.197 (2022).

13. Graco Children's Products' infringing acts will continue unless restrained by this Court.

**ANSWER:** Denied.

**COUNT I - INFRINGEMENT OF THE '890 PATENT**

14. Handi-Craft realleges and incorporates by reference all other paragraphs of this Complaint.

**ANSWER:** The statement in Paragraph 14 is not an allegation to which a response is necessary. To the extent necessary, Graco incorporates by reference its responses to the proceeding paragraphs 1-13 as though fully set forth herein.

15. Graco Children's Products infringed and continues to infringe literally or under the doctrine of equivalents at least claim 10 of the '890 patent by making, using, importing, selling, and/or offering to sell anti-colic baby bottles in the United States, including at least the NUK Smooth Flow Pro bottle.

**ANSWER:** Denied.

16. Graco Children's Products' infringement has occurred with full knowledge of the '890 patent since receiving the October 13, 2022 letter, and has been willful and deliberate since at least that time.

**ANSWER:** Denied.

17. Graco Children's Products' infringement has caused harm to Handi-Craft, which is not fully compensable by monetary damages, and Graco Children's Products' future sales of the Accused Product will result in additional such damage.

**ANSWER:** Denied.

**EXAMPLE ASSERTED CLAIM**

***Infringement of Claim 10***

18. Each of the allegations set forth throughout this Complaint are incorporated herein by reference.

**ANSWER:** The statement in Paragraph 18 is not an allegation to which a response is necessary. To the extent necessary, Graco incorporates by reference its responses to the proceeding paragraphs 1-17 as though fully set forth herein.

19. Claim 10 of the '890 patent is directed to a bottle assembly comprising a container having an open end, a closed end, a base portion, and a neck. The neck has a rim defining the open end of the container.

**ANSWER:** Graco admits that claim 10 of U.S. Patent No. 10,028,890 requires, *inter alia*, "[a] bottle assembly comprising: a container having an open end, a closed end, a base portion, and a neck together defining a liquid chamber within the container, the neck having a rim defining the open end of the container."

20. The Accused Product satisfies this limitation because it includes a bottle assembly. The bottle assembly has a container with an open end, a closed end, a base portion and a neck. The neck has a rim defining the open end of the container. This is shown, for example, in the following images of the Accused Product:







**ANSWER:** Admitted.

21. Claim 10 of the '890 patent further requires a vent assembly positionable on the rim of the container to enable venting of the container during use.

**ANSWER:** Graco admits that claim 10 of U.S. Patent No. 10,028,890 requires, *inter alia*, "a vent assembly positionable substantially entirely within the liquid chamber of the container to enable venting of the container during use."

22. The Accused Product satisfies this limitation because it includes a venting system. The venting system includes a vent assembly that is inserted into the container, positionable on the rim of the container to enable venting of the container during use. This is shown, for example, on the Accused Product's website and in the following images of the Accused Product:







**ANSWER:** Denied.

23. Claim 10 of the '890 patent further requires a collar assembly generally defining a closure for the container. The collar assembly is configured for releasable engagement with the neck of the container over the open end.

**ANSWER:** Graco admits that claim 10 of U.S. Patent No. 10,028,890 requires, *inter alia*, "a collar assembly generally defining a closure for the container, the collar assembly configured for releasable engagement with the neck of the container over the open end thereof."

24. The Accused Product satisfies this limitation because it includes a collar assembly. The collar assembly includes a bottle nipple and a collar. Further, the collar assembly is releasably engageable with the neck of the container. This is shown, for example, in the following images of the Accused Product:






**ANSWER:** Denied.

25. Claim 10 of the '890 patent further requires that the collar assembly and the container are configured to enable selective configuration of the bottle assembly between a first configuration and a second configuration.

**ANSWER:** Graco admits that claim 10 of U.S. Patent No. 10,028,890 requires, *inter alia*, "wherein the collar assembly and the container are configured relative to each other to enable selective configuration of the bottle assembly between a first configuration and a second configuration."

26. The Accused Product satisfies this limitation because it includes two configurations: a first configuration and a second configuration. The first configuration has the vent assembly inserted into the container. The second configuration is without the vent assembly. This is shown, for example, in the following images of the Accused Product:



First configuration



Second configuration

**ANSWER:** Denied.

27. Claim 10 of the '890 patent further requires that in the first configuration, the collar assembly is configured to sealingly engage the vent assembly and urge the vent assembly into sealing engagement with the rim of the container.

**ANSWER:** Graco admits that claim 10 of U.S. Patent No. 10,028,890 requires, *inter alia*, "wherein in the first configuration, the collar assembly is configured to sealingly engage the vent assembly and urge the vent assembly into sealing engagement with the rim of the container."

28. The Accused Product satisfies this limitation because in the first configuration, the vent assembly is inserted into the container. The collar assembly is sealingly engaged with the vent assembly. The collar assembly urges the vent assembly to sealingly engage with the rim of the container. This is shown, for example, in the following image of the Accused Product:




**ANSWER:** Denied.

29. Claim 10 of the '890 patent further requires in the second configuration, in which the vent assembly is omitted from the bottle assembly, the collar assembly is configured to sealingly engage the rim of the container, at least one of the collar assembly and the container being configured for venting the container to atmosphere in the second configuration with the vent assembly omitted from the container.

**ANSWER:** Graco admits that claim 10 of U.S. Patent No. 10,028,890 requires, *inter alia*, "wherein in the second configuration, in which the vent assembly is omitted from the bottle assembly, the collar assembly is configured to sealingly engage the rim of the container, at least one of the collar assembly and the container being configured for venting the container to atmosphere in the second configuration with the vent assembly omitted from the container."

30. The Accused Product satisfies this limitation because in the second configuration, the vent assembly is not inserted into the container and the collar assembly is sealingly engaged with the rim of the container. The collar assembly is configured to vent the container to the atmosphere through a space between the collar assembly and the neck of the container and a channel extending through the portion of the collar assembly abutting the rim. This is shown, for example, in the following images of the Accused Product:




**ANSWER:** Denied.

## GENERAL DENIAL

Unless expressly admitted herein, Graco denies every allegation contained in Paragraphs 1-30 of Plaintiff's Complaint (Dkt. 1) and denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Graco asserts the following affirmative defenses to Plaintiff's allegations in the Complaint. By alleging the affirmative defenses below, Graco does not admit that it has the burden of proof on such matters or that any of the following defenses are not already at issue by virtue of the forgoing responses.

**First Affirmative Defense (Invalidity)**

U.S. Patent No. 10,028,890 is invalid and/or unenforceable for failing to satisfy one or more of the requirements for patentability under Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§102, 103, and/or 112, including, but not limited to, because the claimed design is anticipated by, taught by, suggested by, and/or obvious in view of, relevant prior art. Relevant prior art includes, without limitation, U.S. Patent No. 5,779,071, U.S. Patent No. 8,113,365, U.S. Patent No. 8,684,201, U.S. Patent Application Publication No. 2008/0302793, U.S. Patent Application Publication No. 2011/0233236, and U.S. Patent Application Publication No. 2012/0037587. U.S. Patent No. 10,028,890 is also invalid for lack of enablement and inadequate written description because it fails to properly disclose how to make and use the invention. More specifically, the specification fails to proper disclose at least a second configuration that is configured for venting the container to atmosphere with the vent assembly omitted from the container.

**Second Affirmative Defense (Non-Infringement)**

Graco has not infringed, and does not infringe, literally, or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 10,028,890.

**Third Affirmative Defense (No injunctive relief)**

Plaintiff is not entitled to injunctive relief because any purported injury is not immediate or irreparable, it has an adequate remedy available at law for any claims that can be proven, and the balance of hardship and the public interest do not favor injunctive relief.

**Fourth Affirmative Defense (Limitation on Damages and Costs)**

Plaintiff's claims for relief are limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287 and/or 288.

**Fifth Affirmative Defense (No Willful Infringement)**

Plaintiff is not entitled to enhanced damages for willful infringement because Graco has not engaged in any conduct that meets the applicable standard for willful infringement. For example, Plaintiff cannot demonstrate that Graco had the specific intent to infringe U.S. Patent No. 10,028,890 or that there has been any egregious conduct.

**Sixth Affirmative Defense (No Exceptional Case)**

Plaintiff cannot prove that this an exceptional case justifying an award of attorneys' fees and/or costs pursuant to 35 U.S.C. § 285. Plaintiff cannot prove that this case is one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

**RESERVATION OF RIGHTS**

Graco reserves the right to add any additional defense or counterclaim that may be revealed during course of discovery.

**JURY DEMAND**

Graco demands a trial by jury of all issues so triable in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Graco prays for the following relief:

A. Judgement against Plaintiff and in favor of Graco as to all claims for relief in the Complaint;

B. An Order awarding Graco its fees and costs;

C. Such other relief as the Court deems just and proper.

Dated: February 3, 2023

Respectfully Submitted,

*/s/ Robert J. Leonard*

Robert J. Leonard
Gregory J. Carlin
**Meunier Carlin & Curfman LLC**
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
(404) 645-7700
rleonard@mcciplaw.com
gcarlin@mcciplaw.com

Kendall W. Harrison
Jennifer L. Gregor
**Godfrey & Kahn, S.C.**
One East Main St., Suite 500
Madison, WI 53703
(608) 257-3911
kharrison@gklaw.com
jgregor@gklaw.com

*Attorneys for Defendants*